F I L E D
United States Court of Appeals
Tenth Circuit

FEB 14 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL L. GOSELAND,

        Petitioner - Appellant,

v.

JAY SHELTON; PHILL KLINE,
Attorney General of Kansas,

        Respondents - Appellees.

No. 02-3382
D.C. No. 00-CV-3105-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

      Petitioner Paul L. Goseland, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the federal district court's dismissal of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition.  Having concluded that Goseland failed to file his § 2254 habeas petition within the one-year grace period recognized for pre-AEDPA convictions, as required by 28 U.S.C. § 2244(d)(1), we deny his request for a COA and dismiss the appeal.

Goseland was convicted of possession of cocaine in 1992.  The Kansas Court of Appeals affirmed his conviction on July 2, 1993, and the Kansas Supreme Court denied review on September 28, 1993.  He filed a request for post-conviction relief in state court on April 24, 1997, which was denied on December 19, 1997.  The Kansas Court of Appeals affirmed the denial of relief on January 21, 2000, and the Kansas Supreme Court denied review on March 21, 2000.  Goseland filed his federal habeas petition on March 31, 2000.

The federal district court dismissed the petition as time-barred, concluding the filing of his request for state post-conviction relief on the last day of the one-year grace period (April 24, 1997) tolled the running of the limitations period, but left only one day for Goseland to file his § 2254 habeas petition.  Because six days elapsed before Goseland delivered his habeas petition to the prison authorities for mailing, and Goseland makes no showing to support equitable tolling, his petition is barred as untimely filed.

We have carefully reviewed the record on appeal and Goseland's filings with this court.  We agree with the district court that the § 2254 habeas petition filed in federal district court was time barred.  We DENY a COA and DISMISS the appeal for

substantially the same reasons as set forth in the district court's thorough Memorandum and Order filed August 1, 2001, and its Order filed September 18, 2002. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge